IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    *Plaintiff*,<br><br>v.<br><br>JIMMY HOLMES NACE and<br>MATTHEW JENNINGS VERMILLION,<br><br>    *Defendants*. | Case No. CR-21-198-RAW |

## MOTION FOR PROTECTIVE ORDER

  Pursuant to Federal Rule of Criminal Procedure 16(d), and for good cause, the United States moves for a protective order to govern discovery in the above-captioned case. In support of its Motion, the Government states:

  1. In compliance with the Eastern District of Oklahoma's Local Rule 16.1, the Government provided, via email, a copy of a proposed Motion for Protective Order and a copy of a proposed Protective Order Governing Discovery to counsel for Defendants. Counsel for Defendants advised that they object to the United States' requested relief.

  2. On May 13, 2021, a federal Grand Jury issued an Indictment charging Defendants with Murder in Indian Country, in violation of 18 U.S.C. §§ 1111(a), 1151, 1152, and 2.

  3. Discovery in this case includes large quantities of personally identifiable information ("PII"), cell phone records, financial records, military records, and medical records.

  4. Because of the sensitive nature of those materials and to ensure that the victim is "treated with fairness and with respect for the victim's dignity and privacy," 18 U.S.C. § 3771(a)(8), the United States respectfully requests that this Court issue a protective order with the following provisions specifying that Defendants, Defendants' attorneys of record (including

any additional or new counsel that may appear on behalf of defendant after such protective order is issued), experts and investigators retained by Defendants' attorneys of record, and agents, employees, or staff members of Defendants' attorneys of record who are necessary to assist the attorneys of record in preparation for trial in this case (together, the "Defense Teams"):

    a.    Shall use all materials produced by either party as discovery in this case ("Discovery Materials") solely for purposes associated with the above-captioned criminal case and shall not use or disclose any Discovery Materials for any other purpose, including for any other administrative, regulatory, civil, or criminal proceeding (other than proceedings arising from this prosecution under 28 U.S.C. § 2255), regardless of jurisdiction, unless specifically permitted and ordered by this Court;

    b.    Shall comply with the requirements of Federal Rule of Criminal Procedure 49.1(a) when filing any Discovery Materials with this Court (unless such materials are filed under seal);

    c.    Shall keep all Discovery Materials that disclose the victim's name or any other information concerning the victim in a secure place to which no person other than members of the Defense Teams have access;

    d.    Shall not disseminate or show the Discovery Materials or information contained therein to persons or parties who are not members of the Defense Teams; provided, however, that members of the Defense Teams may show Discovery Materials or information contained therein to other persons during witness/investigative interviews;

    e.    Shall not reproduce materials provided by the Government pursuant to its discovery obligations, in any medium or format, for dissemination to any persons or

parties, including Defendants, and shall maintain complete custody and control over the materials, including all notes and copies;

  f. Shall not allow, under any circumstance, any originals, copies, or summaries of the following Discovery Materials, in any medium or format, to remain with Defendants or any person outside of the Defense Teams, or to be left in any detention facility for review outside of the presence of Defendants' attorneys of record: law enforcement reports; investigative reports; witness statements (whether electronically recorded or in the form of handwritten statements by the witnesses); memoranda or reports of witness interviews; search warrant affidavits; medical records (other than defendant's own medical records); audio recordings; video recordings; and grand jury testimony and exhibits. Defendants' attorneys of record also agree not to show any such materials, memoranda, or witness interviews to any witness in the case, except for any transcribed testimony or written statement signed or expressly adopted by that witness;

  g. Shall not disclose any notes or records of any kind that concern or otherwise relate to the contents of discovery materials except to members of the Defense Teams, and all such notes or records are to be treated in the same manner as the original Discovery Materials; and

  h. Shall, upon conclusion of all matters relating to this criminal case, destroy or return all materials produced by the Government as discovery in this case. This Court may require a certification as to the disposition of any such materials.

WHEREFORE, premises considered, the United States of America respectfully requests this Court issue a Protective Order and for all other relief this Court deems just and proper.

          Respectfully submitted,

          CHRISTOPHER J. WILSON
          Acting United States Attorney

s/    T. Cameron McEwen
      T. CAMERON MCEWEN
      AL BAR # 7161-R67M
      Assistant United States Attorney
      520 Denison Avenue
      Muskogee, OK 74401
      (918) 684-5100
      Fax (918) 684-5150
      Cameron.McEwen@usdoj.gov

## CERTIFICATE OF SERVICE

      I hereby certify that on January 4, 2022, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing.  Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following ECF registrants:

James Bryant, Attorney for Jimmy Holmes Nace
Susan Anderson, Attorney for Matthew Jennings Vermillion

                        s/     T. Cameron McEwen
                              T. CAMERON MCEWEN
                              Office of the United States Attorney